IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMELIA GARZA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TARGET CORPORATION,<br><br>　　　　　　Defendant. | Case No. 19-cv-06549-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; REMANDING CASE TO STATE COURT; STAYING EXECUTION FOR LIMITED PERIOD** |

　　　　Before the Court is plaintiff Amelia Garza's ("Garza") motion for leave to amend, filed April 28, 2020, whereby Garza seeks to substitute for four Doe defendants the names of four employees of defendant Target Corporation ("Target"), which individuals, Garza alleges, were responsible for failing to maintain a San Mateo Target store in a safe condition, leading to Garza's slip and fall therein. Defendant has filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

　　　　On October 11, 2019, Target removed the instant action to federal court on the basis of diversity jurisdiction. It is undisputed that the individuals whom Garza seeks to join as defendants are California residents, and, consequently, that their inclusion in the instant action would destroy complete diversity.

---

[1] By order filed May 29, 2020, the Court deemed the matter appropriate for determination on the parties' written submissions, vacated the hearing scheduled for June 5, 2020, and took the matter under submission.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." See 28 U.S.C. § 1447(e).  District courts, in deciding whether to exercise their discretion to allow joinder under § 1447(e), have considered the following six factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking to join the new defendant; (4) whether plaintiff seeks to join the new party solely to defeat federal jurisdiction (5) whether denial of the joinder would prejudice the plaintiff; (6) the strength of the claims against the new defendant."  See Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002).  The Court addresses each factor in turn.

**1. Need for Just Adjudication / Joinder Under Federal Rule of Civil Procedure 19(a)**

Rule 19(a) of the Federal Rules of Civil Procedure "requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations."  See Clinco v. Roberts, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999).  Here, liability on the part of Target is alleged to be based primarily on the conduct of the proposed new defendants, and, consequently, Target can be found liable based on a showing of negligence on the part of any such employee, irrespective of whether he or she is named as a defendant.  See Perez v. City of Huntington Park, 7 Cal. App. 4th 817, 820 (Ct. App. 1992) (holding "plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment is not required to name or join the employees as defendants").[2]  Accordingly, the first factor weighs

---

[2] There is no argument or showing that a failure to join the proposed new defendants would impede any such individual's ability to protect his or her interests or

2

against amendment.

**2. Statute of Limitations**

Garza's fall and injury, i.e., the facts on which she bases her claims, are alleged to have occurred on May 22, 2017. Consequently, a separate action against the proposed new defendants would appear to be time-barred by the applicable statute of limitations. See Cal. Civ. Proc. Code § 335.1 (setting forth two-year limitations period for "injury to . . . an individual caused by the wrongful act or neglect of another"). Accordingly, the second factor weighs in favor of amendment.

**3. Timeliness**

Contrary to Target's argument that Garza was not diligent in seeking amendment, the Court finds Garza has adequately explained the circumstances surrounding the timing of the instant motion, and further finds there was no unreasonable delay in moving to join the proposed new defendants. In particular, in the course of fact discovery, which, to date, has not closed, Garza learned the identities of three of the four proposed new defendants and, shortly after an unsuccessful attempt to arrive at a stipulated amendment, filed the instant motion.[3] Accordingly, the third factor weighs in favor of amendment.

**4. Motive for Joinder**

As noted, Garza initially filed the instant action in state court, thus evidencing a preference to litigate her claims in that forum. Nothing in the record before the Court, however, suggests the instant motion was prompted solely by a desire to defeat federal jurisdiction. Indeed, Garza included Doe defendants in the complaint she initially filed in state court, posed interrogatories to obtain the names of the Doe defendants, and, after

---

subject any party to the danger of inconsistent obligations.

[3] Although plaintiff acknowledges she knew the name of one of the proposed new defendants prior to receiving the above-referenced discovery, she explains she waited to move to substitute him for a Doe "in order to promote judicial economy and seek amendment only after she had discovered the names of the other individuals so as to seek amendment only one time." (See Reply at 3:4-6.)

obtaining their names in discovery, promptly moved to join them as named parties, none of whom, contrary to defendant's argument, is a "sham" (see Opp'n at 2:10) defendant. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (holding a non-diverse defendant is "sham" or "fraudulently joined" where plaintiff fails to state, and "according to the settled rules of the state" cannot state, a claim against such party); see also Vreeland v. Target Corp., No. 09-cv-5673-MEJ, 2010 WL 545840, at *4 (holding, in removed slip-and-fall action against Target, store manager could be sued for negligence). Moreover, as courts have acknowledged, plaintiffs have an interest, such as that expressed here, in "asserting [their] rights against an employee directly involved in the alleged . . . causes of action." See IBC Aviation Services, Inc. v. Compania Mexicana de Aviacion, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000). Accordingly, the fourth factor weighs in favor of amendment.

**5. Prejudice to Plaintiff**

Although having to try a case in two forums would ordinarily be a consideration relevant to prejudice, such eventuality, in the instant case, has no bearing on the issue because, as discussed above, Garza's claims against the proposed new defendants, if filed in a separate action, would be time-barred. Moreover, as also discussed above, Garza can obtain a judgment against Target, whether or not the negligent employee is himself/herself named as a defendant, see Perez, 7 Cal. App. 4th at 820, and there is no reason to question Target's ability to satisfy any such judgment. Accordingly, the fifth factor weighs against amendment.

**6. Strength of Claims Against New Defendants**

As noted above, the proposed new defendants are alleged to hold positions in which they are responsible for maintaining the premises at issue in a safe condition. Although Target, in a response to an interrogatory, states the premises had been checked thirty minutes prior to plaintiff's fall, the determination of "[w]hether a dangerous condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury." See Ortega v. Kmart Corp., 26 Cal. 4th 1200, 1207

(Cal. 2001) (citing, inter alia, Sapp v. W.T. Grant Co., 172 Cal. App. 2d 89 (Ct. App. 1959)); see also Sapp, 172 Cal. App. 2d at 94 (affirming verdict in favor of plaintiff and against defendant where area in which plaintiff fell was left "unsupervised for a period of 20 minutes").  Accordingly, the sixth factor weighs in favor of amendment.

## CONCLUSION

The majority of the above-discussed factors weighing in favor of amendment, the Court finds it appropriate to allow joinder of the proposed new defendants.

Accordingly, plaintiff's motion for leave to amend is hereby GRANTED, and, pursuant to 28 U.S.C. § 1447(e), the above-titled action is hereby REMANDED to the Superior Court of California, in and for the County of San Mateo.

In light of the upcoming court-sponsored mediation, however, execution of this order is hereby STAYED through June 8, 2020.

**IT IS SO ORDERED.**

Dated: June 2, 2020

MAXINE M. CHESNEY
United States District Judge